UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE BAKER,

    Petitioner,

v.                                                                                      Case No. 8:23-cv-2166-WFJ-AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

George Baker is a Florida prisoner serving a thirty-year sentence for sexual battery with the threat of force or violence. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent opposes habeas relief. (Doc. 17). The petition raises six grounds, but in his reply, Mr. Baker "voluntarily dismisses Grounds One through Five . . . and proceeds only on Ground Six." (Doc. 25 at 3). Grounds One through Five are therefore dismissed. *See Fulton v. Sec'y, Dep't of Corr.*, No. 6:17-cv-234-GKS-TBS, 2019 WL 10303104, at *1 n.1 (M.D. Fla. Jan. 17, 2019) ("In his Reply, Petitioner voluntarily dismisses grounds one, three, four, six, and seven. These grounds, therefore, are dismissed, and the Court will not address them."). The sole remaining claim is that the prosecution made "multiple improper comments during closing arguments" at Mr. Baker's trial. (Doc. 1 at 16). For the reasons explained below, this claim is procedurally defaulted. Accordingly, the Court **DENIES** Mr. Baker's petition.

A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Procedural default can occur when a petitioner raises his federal claims in state court and "the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). "[A]n adequate and independent finding of procedural default [by the state court] will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

As noted above, the sole remaining claim is that the prosecution violated Mr. Baker's right to due process by making "multiple improper comments during closing arguments." (Doc. 1 at 16). For example, Mr. Baker challenges the following remark: "So what it comes down to[] is[,] who do you believe? Which witness do you think was

credible?" (*Id.* at 16). Mr. Baker also argues that the prosecution acted improperly by saying (1) "It takes a lot of guts for [the victim] to come in here to meet you, a bunch of strangers, to tell what happened to her," and (2) "If you believe [the victim] and her testimony and all the corroborative evidence, this defendant is guilty as charged." (*Id.* at 16-17).

Respondent correctly contends that this claim is procedurally defaulted. (Doc. 17 at 23). In Florida, a claim must be preserved for review in the trial court before it may be raised on appeal. *See Tillman v. State*, 471 So.2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."). The contemporaneous-objection rule applies to claims of prosecutorial misconduct. *See Garcia v. State*, 644 So. 2d 59, 62 (Fla. 1994) ("Although [defendant's] appellate counsel strenuously denounced the prosecutor's closing statements at oral argument before this Court, we find that the claims concerning the statements [defendant] finds most objectionable are procedurally barred for lack of a contemporaneous objection.").

Mr. Baker did not object to any of the challenged remarks during closing argument. (Doc. 17-2, Ex. 21, at 730-43, 764-80). Instead, he raised his prosecutorial-misconduct claim for the first time on direct appeal. (*Id.*, Ex. 31, at 22). In his appellate brief, Mr. Baker conceded that "[t]his issue was not preserved for appellate review because trial counsel made no objection to the prosecutor's improper comments and did not move for a mistrial." (*Id.*) Likewise, the prosecution argued that Mr. Baker's claim was "not preserved for

appellate review" because he "did not object at trial to any of the comments of the prosecutor during closing argument that he now complains of." (*Id.*, Ex. 32, at 2). The appellate court affirmed in an unexplained decision. (*Id.*, Ex. 33). This Court must presume that the affirmance rested on the procedural bar asserted in the prosecution's brief. *See Zeigler v. Crosby*, 345 F.3d 1300, 1310 (11th Cir. 2003) ("[W]hen a state court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, we cannot assume that had the state court explained its reasoning, it would have reached the merits of the claim."); *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("[W]e may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of the case."); *Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir. 1989) ("This circuit to a point has presumed that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default.").[1]

The resolution of this claim on state procedural grounds resulted in a procedural default, and the claim is barred from federal habeas review unless Mr. Baker establishes either cause and prejudice for the default or a fundamental miscarriage of justice. *Harris*,

---

[1] *See also Henderson v. Sec'y of the Dep't of Corr.*, No. 3:19-cv-422-LC-HTC, 2021 WL 5142791, at *8 (N.D. Fla. July 1, 2021) ("The State argued on appeal that Petitioner failed to preserve this issue for appeal. Although the appellate court did not issue a written opinion, a federal district court on habeas review should presume the appellate court applied the procedural rule in denying relief."), *adopted by* 2021 WL 5143899 (N.D. Fla. Nov. 4, 2021); *Russell v. Sec'y, Dep't of Corr.*, No. 8:16-cv-493-WFJ-AAS, 2021 WL 289053, at *4 (M.D. Fla. Jan. 28, 2021) ("While [petitioner] did argue the Confrontation Clause on direct appeal, the State asserted this argument was not preserved for review. The appellate court then affirmed without opinion. That silent affirmance is presumed to rest on the procedural default, thus barring this Court from now considering the merits of [petitioner's] claim.").

489 U.S. at 262. He has not done so. Thus, Ground Six—the sole remaining claim in the petition—is barred from review.[2]

Accordingly, it is **ORDERED** that:

1. Mr. Baker's petition (Doc. 1) is **DENIED**.

2. The **CLERK** is directed to enter judgment against Mr. Baker and to **CLOSE** this case.

3. Because Mr. Baker neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, on May 28, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[2] Even if the claim were not defaulted, Mr. Baker would not be entitled to relief because he cannot show prejudice—that is, "a reasonable probability . . . that, but for the [challenged] remarks, the outcome of the trial would have been different." *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).